UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE JAMES DYER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-180-G |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
| Respondent.[1] | ) |

# ORDER

Petitioner Kyle James Dyer, a state prisoner appearing pro se, initiated this action on February 26, 2021, filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal conviction under 28 U.S.C § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings.

On July 28, 2021, Respondent, Warden Scott Nunn, filed a Motion to Dismiss (Doc. No. 13), seeking to dismiss the Petition as time barred or, in the alternative, for failure to exhaust state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). Petitioner responded in opposition. *See* Doc. Nos. 17, 20.[2] On November 3, 2021, Judge Green issued a Report

---

[1]Although Petitioner contends that the current Director of the Oklahoma Department of Corrections should be identified as the respondent in this action, the current warden of Petitioner's facility, as the state officer who has custody of Petitioner, is the proper Respondent. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; *Kailey v. Ritter*, 500 F. App'x 766, 769-70 (10th Cir. 2012).

[2] Petitioner filed two documents (Doc. Nos. 17, 20) titled "Response to Respondent's Motion to Dismiss." The Court agrees with Judge Green's liberal construction of these documents as a combined response to Respondent's Motion to Dismiss.

and Recommendation ("R. & R.," Doc. No. 24), in which she recommended granting Respondent's Motion to Dismiss and dismissing the Petition without prejudice for failure to exhaust state remedies.[3] On November 24, 2021, Petitioner filed a timely Objection to the R. & R. (Doc. No. 25).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.   *Background*

The factual and procedural background is accurately summarized in Judge Green's R. & R. On March 17, 2006, Petitioner entered a plea of guilty to Sexual Abuse of a Child in the District Court of Oklahoma County and was sentenced to 25 years' imprisonment. Pet. at 1; *see State v. Dyer,* No. CF-2005-32 (Okla. Cnty. Dist. Ct.).

In his federal habeas Petition, Petitioner argues that because he is a member of the Cherokee Nation and his crime occurred in Indian Country, the State of Oklahoma did not have jurisdiction to prosecute him. *See* Pet. at 5. Petitioner filed two applications for postconviction relief in Oklahoma County District Court. The first application, filed on February 3, 2020, sought relief on the same grounds now raised in the Petition. *See* Pet. at 3; Resp't's Mot. to Dismiss Ex. 5 (Doc. No. 14-5).[4] Petitioner's first application for

---

[3] Because Judge Green recommended dismissal on this basis, she did not reach Respondent's statute of limitations argument. *See* R. & R. at 6.

[4] The exhibits referenced are publicly available documents filed in Petitioner's state-court case, *State v. Dyer,* No. CF-2005-32 (Okla. Cnty. Dist. Ct.). The Court may take judicial

postconviction relief was dismissed because it was "not verified as required by law." *See* Resp't's Mot. to Dismiss Ex. 6 (Doc. No. 14-6) at 2; Pet. at 3.  Petitioner's second application for postconviction relief was denied.  *See* Pet. at 4; Resp't's Mot. to Dismiss Exs. 7, 8 (Doc. Nos. 14-7, 14-8).  As noted in the R. & R., Petitioner did not seek to appeal his conviction or the denials of postconviction relief to the Oklahoma Court of Criminal Appeals ("OCCA").  *See* R. & R. at 2-3; *see also* Pet. at 2.

II.     Discussion

In order to be heard in federal court on a petition for writ of habeas corpus, a state prisoner generally must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  As explained by the Tenth Circuit,

> To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

Liberally construed, Petitioner's Objection to the R. & R. raises four arguments as to why his Petition should not be dismissed for failure to exhaust state remedies.  The Court considers the four arguments in turn.

---

notice of these documents without converting the motion to dismiss to a motion for summary judgment. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

### A. Petitioner's First Argument

Petitioner argues, "[A]s the State of Oklahoma does not have the jurisdiction to prosecute or imprison anyone of Indian Blood, from the Oklahoma Enabling Act, in the first place, [the State of Oklahoma] cannot have a corrective process," and so Petitioner is excused from complying with § 2254(b)(1)(A)'s exhaustion requirement. *See* Pet'r's Obj. at 6. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). This Court and others have held, however, that a petitioner must exhaust state-court remedies even if there is a *McGirt* claim—i.e., a claim that the State of Oklahoma lacked jurisdiction pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020)—raised in the federal habeas proceeding. *See, e.g.*, *Waddell v. Crow*, No. CIV-21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021); *Collins v. LNU*, No. CIV-21-285-F, 2021 WL 1630549, at *1 (W.D. Okla. Apr. 27, 2021); *Tiger v. Cline*, No. 19-3088, 2021 WL 4453576, at *1 (D. Kan. Sept. 29, 2021). "[T]he Section 2254 [exhaustion] requirement contains no exception for jurisdictional claims." *Draper v. Pettigrew,* No. CIV-20-800-D, 2020 WL 8225500, at *4 (W.D. Okla. Dec. 22, 2020) (R. & R.), *adopted*, 2021 WL 203313 (W.D. Okla. Jan. 20, 2021).

Petitioner's contention that the state lacks jurisdiction over him does not render the state court's corrective process unavailable. *See Long v. Nunn,* No. CIV-22-09-R, 2022 WL 468607, at *1 (W.D. Okla. Feb. 15, 2022). In fact, the State of Oklahoma explicitly provides a corrective process for defendants asserting that the state district court lacked jurisdiction to impose a sentence. *See* Okla. Stat. tit. 22, § 1080(b) (providing that the issue

4

of state-court jurisdiction may be raised in an application for postconviction relief in the court in which the judgment and sentence on conviction were rendered). Accordingly, the Court rejects this contention.

### B. Petitioner's Second Argument

Petitioner next argues that his applications for postconviction relief filed in Oklahoma County District Court served to exhaust Petitioner's state court remedies. *See* Pet'r's Obj. at 5. But as previously noted, "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor*, 644 F.3d at 1026 (quoting *O'Sullivan*, 526 U.S. at 845).

Oklahoma statute expressly provides for an appeal to the OCCA from a trial court's disposition of an application for postconviction relief. *See, e.g.*, Okla. Stat. Ann. tit. 22, § 1087; *see also* OCCA R. 2.1(E) (prescribing procedure for seeking an appeal out of time); Resp't's Mot. to Dismiss Ex. 8, at 2 (district court order advising Petitioner of his right to appeal the denial of his postconviction application). Petitioner, however, failed to pursue any such appeal, as outlined below. Petitioner therefore failed to exhaust all available remedies under Oklahoma law. *See Cash v. United States*, No. CIV-20-884-R, 2021 WL 666974, at *2 (W.D. Okla. Jan. 20, 2021) (R. & R.) ("To fully exhaust the claims in state court, the claims must have been presented to the state's highest court, the [OCCA]."), *adopted*, 2021 WL 666969 (W.D. Okla. Feb. 19, 2021).

The cases Petitioner cites in which habeas petitioners have been found to have exhausted their state court remedies are not analogous to Petitioner's case. *See Smith v.*

5

*Digmon*, 434 U.S. 332, 332-34 (1978) (holding that habeas petitioner had exhausted state court remedies when petitioner raised underlying claim in his appellate brief, the state opposed the claim in its brief, and the state appellate court failed to address the claim in its opinion); *Francisco v. Gathright*, 419 U.S. 59, 62-63 (1974) (holding that when a petitioner has previously exhausted his state remedies, the petitioner is not required to re-exhaust his state remedies due to a change in state law).

Accordingly, the Court rejects this contention.

### C. Petitioner's Third Argument

Petitioner argues that he "fairly presented the jurisdictional claim to the OCCA in the post-conviction appeal and therefore has exhausted available state remedies as required by 28 U.S.C. § 2254." Pet'r's Obj. at 7. This is incorrect. Both the Oklahoma County District Court and the OCCA dockets are publicly available, and neither reflects any direct appeal or postconviction appeal efforts taken by Petitioner in his state-court criminal case.[5] *Accord* Resp't's Br. (Doc. No. 14) at 17-21 ("Petitioner has never raised a jurisdictional claim in a post-conviction appeal."). Therefore, the Court concludes that Petitioner's claim has not been presented to the OCCA, negating the possibility that the OCCA has "adjudicated [Petitioner's] claim on the merits" as Petitioner contends. Pet'r's Obj. at 7.

### D. Petitioner's Fourth Argument

Finally, Petitioner argues that if the OCCA has not had an opportunity to review his claim "it is the Oklahoma County Court Clerk's fault" for not providing the OCCA with a

---

[5] *See* https://www.oscn.net (last visited Mar. 28, 2022).

certified copy of the record in compliance with OCCA Rule 5.3(B). Pet'r's Obj. at 10. Petitioner's cited Rule states:

> Upon receipt of the notice of post-conviction appeal, the Clerk of the District Court shall compile two certified copies of the record on appeal as defined by Rule 5.2(C)(6), and ensure the Notice of Completion of record is filed with this Court within thirty (30) days of the filing of the Notice of Post-conviction appeal, unless an extension is requested by the court clerk and granted by this Court.

OCCA R. 5.3(B)(1).

As noted, Petitioner failed to file a notice of postconviction appeal or any other indication that he wished to appeal the district court's disposition of his postconviction applications. The Oklahoma County Court Clerk therefore had no obligation to provide a copy of the record to the OCCA.

### III. Summary

Petitioner was required to, but did not, exhaust his available state-court remedies before filing his 28 U.S.C. § 2254 habeas Petition. There being no showing of good cause for this failure, and no demonstration of futility of such remedies, the Petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1)(A); *Long*, 2022 WL 468607, at *1; *Cash v. United States*, 2021 WL 666974, at *2-3.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Doc. No. 24) and GRANTS Respondent's Motion to Dismiss (Doc. No. 13). The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice.

The Court DENIES Petitioner's Motion for Clarification (Doc. No. 21) and Motion Seeking Release on Bail (Doc. No. 22). A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 28th day of March, 2022.

_____
CHARLES B. GOODWIN
United States District Judge